NORTHWEST ENVIRONMENTAL DE-FENSE CENTER, an Oregon non-profit corporation, Plaintiff–Appellant,

American Forest & Paper Association; Oregon Forest Industries Council, Intervenors,

v.

Doug DECKER, Oregon State Forester, in his official capacity; Stephen Hobbs; Barbara Craig; Diane Snyder; Larry Giustina; Chris Heffernan; William Hutchison; Jennifer Phillippi, (members of the Oregon Board of Forestry, in their official capacities); Hampton Tree Farms, Inc., an Oregon domestic business corporation; Stimson Lumber Company, an Oregon domestic business corporation; Georgia–Pacific West Inc., an Oregon domestic business corporation; Swanson Group, Inc., an Oregon domestic business corporation; Tillamook County, Defendants–Appellees.

No. 07–35266.

United States Court of Appeals, Ninth Circuit.

Aug. 30, 2013.

Paul A. Kampmeier, Washington Forest Law Center, Seattle, WA, Christopher Winter, Crag Law Center, Portland, OR, for Plaintiff–Appellant.

J. Michael Klise, Esquire, Crowell & Moring LLP, Washington, DC, for Intervenors.

J. Mark Morford, Louis A. Ferreira, Partner, Per Arnold Ramfjord, Stoel Rives LLP, Portland, OR, Jason T. Morgan, Stoel Rives, LLP, Seattle, WA, for Intervenors and Defendants–Appellees.

Erin C. Lagesen, Assistant Attorney General, Oregon Department of Justice, Salem, OR, for Defendants–Appellees.

On Remand from the United States Supreme Court. D.C. No. CV–06–01270–GMK.

Before: WILLIAM A. FLETCHER and RAYMOND C. FISHER, Circuit Judges, and CHARLES R. BREYER, District Judge.*

## ORDER

In *Northwest Environmental Defense Center v. Brown*, 640 F.3d 1063 (9th Cir. 2011), we reversed the decision of the district court dismissing plaintiff's suit brought under the Clean Water Act. While our decision was awaiting review by the United States Supreme Court, the Environmental Protection Agency amended the relevant regulation. *See* Revisions to Stormwater Regulations, 77 Fed.Reg. 72,-970 (Dec. 7, 2012). The Supreme Court reversed our decision, which had been based on the preamendment regulation. It did not address the amended regulation. The Court held, "The preamendment version of the Industrial Stormwater Rule, as permissibly construed by the agency, exempts discharges of channeled stormwater runoff from logging roads from the NPDES permitting scheme." *Decker v. Nw. Envtl. Def. Ctr.*, —— U.S. ——, 133 S.Ct. 1326, 1338, 185 L.Ed.2d 447 (2013).

The Court left intact our holding that "when stormwater runoff is collected in a system of ditches, culverts, and channels and is then discharged into a stream or river, there is a 'discernable, confined and discrete conveyance' of pollutants, and there is therefore a discharge from a point source" within the meaning of the Clean

---

* The Honorable Charles R. Breyer, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

Water Act's basic definition of a point source in 33 U.S.C. § 1362(14). *Brown,* 640 F.3d at 1070–71; *see Decker,* 133 S.Ct. at 1338 ("[T]here is no need to reach petitioners' alternative argument that the conveyances in question are not 'pipe[s], ditch[es], channel[s], tunnel[s], conduit[s],' or any other type of point source within the Act's definition of the term. § 1362(14)." (some alterations in original)); *Misic v. Bldg. Serv. Emps. Health & Welfare Trust,* 789 F.2d 1374, 1379 (9th Cir. 1986) (holding that when "[t]he Supreme Court reverse[s] this court, but on other grounds," it leaves unchanged the law of this circuit on issues not reached by the Court).

The Court remanded for "proceedings consistent with [its] opinion." *Decker,* 133 S.Ct. at 1338. We vacate the decision of the district court and remand to that court for proceedings consistent with the Supreme Court's opinion.